UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DONNELL TURNER,

              Plaintiff,

      v.

NAPH CARE INC.,

              Defendant.

CASE NO. 3:17-CV-05522-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Jonathan Donnell Turner, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Complaint but provides Plaintiff leave to file an amended pleading by August 25, 2017, to cure the deficiencies identified herein.

## BACKGROUND

Plaintiff, who is currently incarcerated at the Pierce County Jail, alleges his Eighth Amendment rights to adequate medical care were violated when an unknown nurse negligently

provided him with the wrong medication for his high blood pressure. Dkt. 4. Plaintiff contends

the nurse is employed by Defendant Naph Care, Inc. *Id.*

### DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

the violation was proximately caused by a person acting under color of state law. *See Crumpton*

*v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

(1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

named defendants caused, or personally participated in causing, the harm alleged in the

complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an

amended complaint.

### I.    Eighth Amendment Claim

Plaintiff alleges Defendant's employee provided him with negligent medical care in

violation of the Eighth Amendment. Dkt. 4. An Eighth Amendment medical claim has two

elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin,* 974 F.2d 1059 (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he has a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1970). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle,* 429 U.S. at 104 (1976) (internal citation omitted); *see also Hudson v. McMillan*, 503 U.S. 1, 6 (1992). It requires "a purposeful act or failure to act on the part of the defendant." *McGuckin,* 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. Thus, an accusation that a party "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eight Amendment." *Estelle,* 429 U.S. at 106.

1    Here, Plaintiff has not demonstrated that any prison official acted with deliberate

2    indifference to his medical condition. Plaintiff states he is suffering from high blood pressure

3    and, instead of receiving his blood pressure medication, he received someone else's "mental

4    health medication." Dkt. 4. A blood pressure medication prescription can be a serious medical

5    need. A reasonable doctor or patient could find the condition "worthy of comment or treatment"

6    and it could lead to further injury if untreated. *McGuckin*, 974 U.S. at 1059-1060. However,

7    Plaintiff has only alleged the nurse employed by Defendant was negligent when she gave him the

8    wrong medication. Negligence alone is not enough to state a valid claim for mistreatment in

9    violation of the Eighth Amendment. *Estelle*, 429 U.S. at 106. Because of this, Plaintiff has not

10    alleged sufficient facts to support such a claim.

11    If Plaintiff wishes to pursue an Eighth Amendment claim, he must provide an amended

12    complaint showing how Defendant's actions constituted deliberate indifference, not mere

13    negligence, in violation of Plaintiff's constitutional rights.

14    **II.    Supervisory Liability Claim**

15    Plaintiff seems to allege that Naph Care, Inc., is responsible for his injuries because it

16    employed the nurse who provided him with improper medication. Dkt. 4. To state a claim under

17    42 U.S.C. § 1983, a plaintiff must show how a defendant caused the harm alleged in the

18    complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). The claim may not be brought on

19    the sole theory that a supervisor is liable for the acts of his or her subordinates. *See Polk County

20    v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. New York City Dep't of Social Servs.*, 436 U.S.

21    658, 691 (1978). Rather, a plaintiff must show the individual defendant participated in or

22    directed the alleged harm, or knew of the harm and failed to act to prevent it. *See Barren v.

23    Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

24

ORDER TO SHOW CAUSE OR AMEND - 4

1    Here, Plaintiff makes no showing that Defendant directly participated in the alleged

2    harm. He states that a nurse employed by Defendant provided him with someone else's

3    medication, causing him harm physical and mental harm. However, he does not explain how

4    Defendant's actions contributed to the nurse's actions. He further fails to demonstrate how

5    Defendant's actions or inactions amount to deliberate indifference as required for his Eighth

6    Amendment mistreatment claim. He merely implies that Defendant is liable for the nurse's

7    negligence because of its supervisory position. A § 1983 claim cannot be based solely on a

8    supervisor's relation to its subordinates. Because of this, Plaintiff has not alleged sufficient facts

9    to support his claim.

10    If Plaintiff wishes to pursue this § 1983 claim, he must provide a plain statement

11    explaining exactly what Defendant did or failed to do and how those actions violated Plaintiff's

12    constitutional rights.

13    **III.    Instructions to Plaintiff and Clerk**

14    If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an

15    amended complaint and within the amended complaint, he must write a short, plain statement

16    telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the

17    person or entity who violated the right; (3) exactly what the individual did or failed to do; (4)

18    how the action or inaction of the individual is connected to the violation of Plaintiff's

19    constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's

20    conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  The Court also notes that

21    Plaintiff neglected to indicate his desired relief in his original complaint. In the amended

22    complaint, Plaintiff should include a short, plain statement explaining the remedy he is

23    requesting for his alleged injury.

24

1    Plaintiff shall present the amended complaint on the form provided by the Court. The

2  amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

3  and not a copy, it should contain the same case number, and it may not incorporate any part of

4  the original complaint by reference. The amended complaint will act as a complete substitute for

5  the original Complaint, and not as a supplement. The Court will screen the amended complaint to

6  determine whether it contains factual allegations linking each defendant to the alleged violations

7  of Plaintiff's rights. The Court will not authorize service of the amended complaint on any

8  defendant who is not specifically linked to a violation of Plaintiff's rights.

9    If Plaintiff fails to file an amended complaint or fails to adequately address the issues

10  raised herein on or before August 25, 2017, the undersigned will recommend dismissal of this

11  action.

12    The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

13  civil rights complaint and for service. The Clerk is further directed to send copies of this Order

14  and Pro Se Instruction Sheet to Plaintiff.

15    Dated this 26th day of July, 2017.

16

17    _____

      David W. Christel
18    United States Magistrate Judge

19

20

21

22

23

24

ORDER TO SHOW CAUSE OR AMEND - 6