UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DONNELL TURNER,

    Plaintiff,

v.

NAPH CARE, INC., et al.,

    Defendants.

CASE NO. 3:17-cv-05522-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 2, 2018

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Pierce County Prison Facility's Motion to Dismiss (Dkt. 19).[1]

Plaintiff alleges that Defendant Pierce County Prison Facility violated his constitutional protections when they failed to enforce their own prison policies. However, the facility in which an alleged infraction occurred is not a proper defendant in a § 1983 action. Therefore, the Court

---

[1] Defendants Janel French and NAPH Care, Inc.'s Motion to Dismiss (Dkt. 21) will be dealt with in a separate Order and Report and Recommendation.

REPORT AND RECOMMENDATION - 1

1  recommends Defendant Pierce County Prison Facility's Motion to Dismiss be granted and it be
2  dismissed from the action.

**BACKGROUND**

Plaintiff filed this § 1983 complaint in July of 2017. Dkt. 1. Pursuant to an Order from this Court, Plaintiff filed an Amended Complaint in September of 2017. Dkt. 9. In that Complaint, Plaintiff alleges Defendants violated his constitutional rights in several ways. *See* Dkt. 9. He first claims that Defendant French, an employee of Defendant NAPH Care, Inc., unlawfully provided him with the incorrect medication, which allegedly placed his life in jeopardy. *Id*. at 2. He further claims Defendant John Doe, a corrections officer and employee of Defendant Pierce County Prison Facility, violated Plaintiff's rights when he neglected to follow jail procedure, failing to cross-reference Plaintiff's bed number and ensure that he received his appropriate medication. *Id*. He also claims harm directly from Defendant NAPH Care because they allegedly employed untrained or undertrained medical staff and failed to respond to Plaintiff's urgent medical needs. *Id*. at 3. He finally alleges harm from Defendant Pierce County Prison Facility for failing to enforce its own policies with regard to its employees and contractors. *Id*. at 4. He filed a grievance (*see id*. at 8) to which jail staff responded, but did not file an appeal and has not yet explained why, except to generally allege Defendants refused to allow him to proceed (*id*. at 7).

Defendant Pierce County Prison Facility filed a Motion to Dismiss, claiming that, as a county facility and not the county itself, Pierce County Prison Facility is not an appropriate defendant. Dkt. 19. Defendants French and NAPH Care also filed a Motion to Dismiss, which will be addressed in a separate Order and Report and Recommendation. Dkt. 21. Plaintiff did not respond to either motion, and Defendants filed Replies. Dkts. 27, 28.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Though unclear, Plaintiff has named "Pierce County Prison Facilaty [sic]" as a Defendant, which the Court interprets as Plaintiff attempting to sue the Pierce County Jail. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, courts have held that to bring an appropriate § 1983 action, plaintiff "must name the county or city itself as party to the action, and not the particular municipal department or facility where the alleged violation occurred." *Osborne v. Vancouver Police*, 2017 WL 1294573 at *9 (W.D. Wash. 2017); *see also Vance v. Santa Clara Co.*, 928 F. Supp. 993, 996 (N.D. Cal. 1996); *Pressley v. San Diego Sheriff Central County Jail*, 2017 WL 4960221 at *3 (S.D. Cal. 2017); *Greenfield v. Brenner*, 2006 WL 776772 at *5 (E.D. Wash. 2006). Further, claiming supervisory liability is not enough. A municipality may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). To recover, Plaintiff must show that county employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

Even reading Plaintiff's Complaint liberally, Pierce County Prison Facility is an improper defendant in this action. The Court assumed Plaintiff meant to name the Pierce County Jail. The Pierce County Jail is a facility operated by Pierce County. As noted above, the department or facility where a violation occurred is not the proper defendant – rather, Plaintiff must name the city or county itself. Because Plaintiff has not done so here, Pierce County Prison Facility is an improper defendant. Further, because the facility is an improper defendant regardless of what

1  Plaintiff alleges it has done, leave to amend cannot remedy the deficiency. Therefore, the Court

2  recommends dismissing the claims against Pierce County Prison Facility without leave to amend.

3  **CONCLUSION**

4  For the reasons stated above, the Court recommends granting Defendant Pierce County

5  Prison Facility's Motion to Dismiss (Dkt. 19) and dismissing it from this action.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

7  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

8  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

9  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

10 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

11 March 2, 2018, as noted in the caption.

12 Dated this 13th day of February, 2018.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4