UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DONNELL TURNER,

          Plaintiff,

    v.

NAPH CARE, INC., et al.,

          Defendants.

CASE NO. 3:17-cv-05522-BHS-DWC

ORDER CONVERTING MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendants Janel French and NAPH Care, Inc.'s Motion to Dismiss (Dkt. 21).

Defendants French and NAPH Care move to dismiss Plaintiff's complaint because he has allegedly failed to exhaust his administrative remedies. Plaintiff has not responded to this motion, and this Court interprets his failure as a concession that the motion has merit. LCR 7(b)(2). However, the Court also emphasizes Plaintiff is proceeding pro se, and so the Court will construe his complaint liberally. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

When alleging a plaintiff failed to exhaust administrative remedies, a defendant may move for dismissal under Federal Rule of Civil Procedure 12 only in the extremely rare event the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). If a plaintiff has failed to exhaust his administrative remedies, the plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Defendants argue that Plaintiff failed to exhaust his administrative remedies when he neglected to appeal his initial grievance. Dkt. 21 at 5-7. However, Plaintiff indicates that prison staff "refused to allow [him] to proce[ed] or continue with the entire grievance process." Dkt. 9 at 7. Further, "they n[ei]ther afforded [him the] right to ap[p]eal or ex[h]aust [the] grievance process." *Id*. Though Defendants assert that a verbal request for an appeal does not comport with the grievance process, Plaintiff's Complaint provides for more than procedural neglect on its face. It is unclear here whether Plaintiff truly neglected to follow the proper procedure, or whether either staff or the "electronic kiosk kite system" prohibited him from completely

exhausting his administrative remedies. *See id.* at 7. Therefore, in the interests of justice, the Court requires more than just Plaintiff's pleading and the attached grievance to conclude that Plaintiff has not exhausted his administrative remedies. Thus, the Court converts Defendants' motion under Rule 12(b)(6) into a Rule 56 motion for summary judgment and provides the Parties with leave to file additional briefing and evidence. Because exhaustion is a procedural hurdle that could be dispositive in this case, the Court declines to analyze Defendants' arguments on the merits until after the exhaustion issue has been resolved.

Defendants' optional additional briefing will be due on or before March 16, 2018. Plaintiff's optional responsive briefing will be due on or before April 13, 2018. Any optional briefing is limited to the following questions: 1) whether Plaintiff properly exhausted his administrative remedies, and 2) if not, whether Plaintiff's ability to exhaust his administrative remedies was impeded by Defendants or other prison staff. The Clerk is directed to rename Defendants' Motion to Dismiss (Dkt. 21) as a Motion for Summary Judgment and re-note the Motion for April 13, 2018.

Dated this 13th day of February, 2018.

David W. Christel
United States Magistrate Judge