UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JONATHAN DONNELL TURNER,

Plaintiff,

v.

NAPH CARE, INC., JANEL FRENCH, and JOHN DOE,

Defendants.

CASE NO. 3:17-cv-05522-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: May 25, 2018

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Jonathan Donnell Turner, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action in July of 2017.

Plaintiff alleges Defendants violated his rights when they provided him deliberately indifferent medical care. However, Plaintiff has failed to exhaust his administrative remedies before filing this action. Further, he has alleged only a single incident of neglect, which is not sufficient to show constitutionally deficient medical care. Finally, he has only alleged general supervisory liability as to Defendant NaphCare, which is also not enough to show deliberate

indifference. Therefore, the Court recommends Defendants' Motion for Summary Judgment ("Motion") (Dkt. 21) be granted and Plaintiff's action be dismissed.

**BACKGROUND**

Plaintiff initially filed his complaint in July of 2017. Dkt. 1. Pursuant to an Order from this Court (Dkt. 5), Plaintiff filed an Amended Complaint in September of 2017 (Dkt. 9). In his Amended Complaint, Plaintiff alleges Defendant Janel French gave him an antidepressant instead of his blood pressure medication on one occasion. Dkt. 9. He also alleges Defendant John Doe, an unknown corrections officer, failed in his duty to double-check the medication before Plaintiff received it. *Id*. He finally alleges Defendant NaphCare, Inc., failed in its duty to hire reliable medical staff and failed to "follow up" on "urgent medical treatment or care." *Id*. at 3. He does not explain whether he informed Defendant NaphCare he needed care. *Id*. He also alleges the Pierce County Jail failed in its duty to provide him medical care. *Id*.

Plaintiff filed an initial grievance with the Pierce County Jail. Dkt. 9 at 8. He did not file an appeal or second tier grievance, and generally alleges he failed to appeal because jail staff failed to listen to his verbal requests. *Id*. at 7. Defendant "Pierce County Prison Facility" moved for summary judgment in December of 2017, and the District Court granted summary judgment in February of 2018. Dkts. 19, 30-32. Defendants French and NaphCare filed a Motion to Dismiss in December of 2017. Dkt. 21. The Court converted the Motion to Dismiss to a Motion for Summary Judgment in February of 2018 and provided the parties an opportunity for supplemental briefing. Dtk. 31. Defendants filed a supplement, but plaintiff did not. Dkt. 33.That Motion is currently before the Court.

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No

longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). Since Plaintiff has the burden of proof at trial, if Defendants demonstrates that they are entitled to judgment as a matter of law, Plaintiff is still required to present admissible evidence to prove that there exists a material issue of fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). If Plaintiff fails to demonstrate that a dispute of material fact exists, the Court takes the undisputed facts as true for purposes of summary judgment. *John v. City of El Monte*, 505 F.3d 901, 912 (9th Cir. 2007).

## DISCUSSION

### I. Exhaustion

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). As Defendants properly note, an administrative remedy is considered "unavailable" when the mandated procedure is so opaque as to be unusable or prison officials block access through misinformation or intimidation. *McBride v. Lopez*, 807 F.3d 982, 986 (9th Cir. 2015).

A motion to dismiss for failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust that available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Plaintiff has provided a copy of the single grievance he filed with the Pierce County Jail. Dkt. 9 at 8. He baldly asserts the jail "refused to allow me to proc[eed] or continue with the entire grievance process." *Id*. at 7. However, he provides no further details and states only that he made "every possible attempt to verbal[l]y request" relief. *Id*. This does not demonstrate the grievance process was unavailable to Plaintiff. He has not provided anything to show jail officials obstructed his grievance process in any way except for his bald assertion. Further, he was placed on notice that a written appeal was required if he disagreed with the answer to his grievance because there was a notice at the bottom of that grievance form stating as much. *Id*. at 8. Plaintiff admits he has not fully exhausted his administrative remedies and has not shown the grievance process was somehow made unavailable to him by Defendants' actions. *Id.* at 7. Therefore, the Court recommends Plaintiff's action be dismissed for failure to exhaust administrative remedies.

**II. Defendant Janel French**

Even if the Plaintiff had exhausted his available remedies, he has not stated a claim against Defendant French. "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104

(1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). Further, an isolated occurrence of neglect or negligence does not constitute deliberate indifference to a serious medical need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Plaintiff alleges Defendant French violated his rights when she gave him an antidepressant instead of his blood pressure medication one time on March 25, 2017. Dkt. 9 at 2. As noted above, a single incident of neglect is not enough to establish deliberate indifference. *Penner*, 439 F.3d at 1096. Further, there is no evidence Defendant French knew she was giving Plaintiff the wrong medication or that he has suffered any lasting harm from the mistake. At the most, Plaintiff has described an act of negligence. Because this is an isolated incident and Plaintiff has also not shown Defendant French acted with indifference to a serious medical need, Plaintiff has not demonstrated he was treated with deliberate indifference. Therefore, the Court recommends dismissing the claims against Defendant French on the merits.

**III. Defendant NaphCare, Inc.**

Similar to Defendant French, Plaintiff has not stated a claim against Defendant NaphCare, Inc. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. This definition includes municipalities, such as counties. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). When a private entity acting under color of state law is sued pursuant to § 1983, the Ninth Circuit has instructed that the *Monell* requirements apply to the private entity. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *see also*

*M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1085-86 (N.D. Cal. 2014) (finding that a private healthcare provider fell under *Monell*). The municipality or entity may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell*, 436 U.S. at 694). Thus, claiming supervisory liability is not enough. To recover, Plaintiff must show Defendant NaphCare's employees or agents acted through an official custom or policy that permits violation of Plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell*, 436 U.S. at 690-91.

Here, Plaintiff has alleged Defendant NaphCare did not fulfill its obligations because it hired allegedly incompetent medical staff and failed to implement safety practices, ultimately leading to him receiving the incorrect medication from Defendant French. However, Plaintiff has only alleged supervisory liability. He stated he received the incorrect medication on one occasion from one nurse. He has not shown Defendant NaphCare has a policy or practice of distributing the incorrect medication, a policy or practice of hiring unqualified staff, or that Defendant NaphCare knew of but failed to remedy constitutionally deficient medical care from its staff. Indeed, though he generally alleges Defendant NaphCare failed to "follow up to urgent medical treatment or care" (Dkt. 9 at 3), he has not shown whether he notified Defendant NaphCare itself or whether Defendant NaphCare was aware of and ignored any sort of necessary medical treatment. A single act of negligence by an employee is not enough to show Defendant NaphCare's policies were the moving force behind deliberately indifferent medical care. Therefore, the Court recommends Plaintiff's claims against Defendant NaphCare be dismissed.

**IV. Defendant John Doe**

Finally, Plaintiff has also made allegations against an unidentified defendant. He alleges an unknown corrections officer failed to adhere to Pierce County Jail policy when he did not

double-check the medication distributed to Plaintiff and did not double-check Plaintiff's identity before allowing him to receive medication. Dkt. 9 at 2. Similar to Defendant French, Plaintiff has argued a single incident of neglect that does not amount to deliberate indifference. *Penner*, 439 F.3d at 1096. Further, Plaintiff has not provided any other identifying information and Defendant John Doe has not entered a waiver of service or a notice of appearance. Because the Court has recommended all other claims be dismissed, because this claim also lacks merit, and because Plaintiff has not provided the Court with the information necessary to perfect service, the Court also recommends the claims against Defendant John Doe be dismissed.

## CONCLUSION

For the reasons set forth above, the Court recommends that Defendants' Motion (Dkt. 21) be granted and that Plaintiff's action be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on May 25, 2018, as noted in the caption.

Dated this 9th day of May, 2018.

David W. Christel
United States Magistrate Judge